UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ZYNDA, et al.

      Plaintiffs,

v

STEVE ARWOOD, in his official capacity as Acting Director of the Michigan Department of Talent and Economic Development, and SHARON MOFFETT-MASSEY, in her official capacity as Director of the Unemployment Insurance Agency.

      Defendants.

No. 2:15-cv-11449

HON. ROBERT H. CLELAND

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

_____/

David M. Blanchard (P67190)
Joseph X. Michael (P79084)
Attorneys for Plaintiffs
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
_____

Kimberly K. Pendrick (P60348)
Peter T. Kotula (P41629)
Shannon W. Husband (P60352)
Attorneys for Defendants
Michigan Department of Attorney General
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
_____/

# DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

Bill Schuette
Attorney General

Kimberly K. Pendrick
Peter T. Kotula (P41629)
Shannon W. Husband (P60352)
Attorneys for Defendants
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
pendrickk@michigan.gov
(P60348)

Dated: September 4, 2015

# TABLE OF CONTENTS

Index of Authorities ............................................................................................ ii

Introduction ........................................................................................................ 1

I.   Plaintiffs' unsupported speculation about the unemployment system is not a recognizable injury to establish standing ............... 2

II.  Sugar Law cannot establish an illegal action by the Agency that caused it to increase its resources. ........................................... 4

III. Burford abstention is appropriate wherein Plaintiffs seek to have this Court restructure the Agency's fraud determination system .................................................................................. 5

IV.  There has been no Supreme Court holding that the Social Security Act provides for a private right of action .......................... 7

V.   Neither the Agency's practices nor the MES Act violate the Fifth or Eighth Amendment of the U. S. Constitution. .................... 7

Conclusion and Relief Requested ..................................................................... 10

Certificate of service (e-file) ............................................................................. 11

# INDEX OF AUTHORITIES

Page

**Cases**

*California Dep't of Human Resources Dev. v. Java*,
   402 U.S. 121 (1971) ................................................................................. 7

*Fields v. Henry County*,
   701 F.3d 180 (6th Cir. 2012) .................................................................. 9

*Gaylor v. Hamilton Crossing CMBS*,
   582 Fed. Appx. 576 (6th Cir. 2014) ....................................................... 3

*Gonzaga Univ. v. Doe*,
   536 U.S. 273 (2002) ................................................................................. 7

*Greater Cincinnati Coalition for the Homeless v.*
   *City of Cincinnati,* 56 F.3d 710 (6th Cir. 1995) ..................................... 5

*Havens Realty Corp. v. Coleman,*
   455 U.S. 363 (1982) ................................................................................. 4

*Hous. Opp. Made Equal, Inc. (HOME) v.*
   *Cincinnati Enquirer, Inc.*, 943 F.2d 644 (6th Cir. 1991) ....................... 5

*L.A. v. Lyons,*
   461 U.S. 95 (1983) ................................................................................... 4

*Laird v. Tatum,*
   408 U.S. 1 (1972) ................................................................................. 2, 3

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ................................................................................. 2

*Mathews v. Eldridge,*
   424 U.S. 319 (1976) ................................................................................. 6

*New Eng. Health Care Emples. Pension Fund v.*
   *Ernst & Young, LLP*, 336 F.3d 495 (6th Cir. 2003) .............................. 1

*Smith v. Doe,*
  538 U.S. 84 (2003) ...................................................................................... 8, 9

*U. S. v. James Daniel Good Real Prop.,*
  510 U.S. 43 (1993) ............................................................................................ 9

*United States ex rel. Dingle v. BioPort Corp.,*
  270 F. Supp. 2d 968 (W.D. Mich. 2003) ......................................................... 1

*Wilder v. Virginia Hosp. Ass'n,*
  496 U.S. 498 (1990) .......................................................................................... 7

*Wright v. Roanoke Redevelopment and Hous. Auth.,*
  479 U.S. 418 (1987) .......................................................................................... 7

**Statutes**

Mich. Comp. Laws § 421.1 ..................................................................................... 5

Mich. Comp. Laws § 421.15(m) ............................................................................. 9

Mich. Comp. Laws § 421.15(n) .............................................................................. 9

Mich. Comp. Laws § 421.54 ................................................................................... 8

Mich. Comp. Laws § 421.54(a)(ii) ......................................................................... 9

Mich. Comp. Laws § 421.54(a)(ii)(A) ................................................................... 9

Mich. Comp. Laws § 421.54(a)(ii)(B) ................................................................... 9

Mich. Comp. Laws § 421.54(a)(ii)(C) ................................................................... 9

Mich. Comp. Laws § 421.62 ................................................................................... 9

# INTRODUCTION

Disagreement with the Agency's procedures in implementing the MES Act does not support a claim for "unlawful practices." The Agency follows the MES Act in effectuating the state's unemployment system and affords all claimants with due process through a complex appellate process that includes a hearing and judicial review. There is simply nothing unlawful about the Agency's practices.

At the outset, Defendants object to Plaintiffs' use of factual evidence and additional affidavits in its response brief. Defendants have only attached U.S. Department of Labor statistical information of which the Court can take judicial notice as it considers the Motion to Dismiss. *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 970 (W.D. Mich. 2003). "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). Plaintiffs' affidavits do not fall within this limited category and must be excluded.

## I. Plaintiffs' unsupported speculation about the unemployment system is not a recognizable injury to establish standing.

Plaintiffs claim they are only seeking prospective injunctive relief. As such, they are required to establish a concrete and particularized invasion of a legally protected interest. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). In support of the injury element, Plaintiffs claim they were harmed by: lack of timely notice of Agency determinations, having to prove they did not commit fraud, emotional distress and confusion while dealing with the fraud allegations, and fear in filing for future unemployment benefits. (See Plaintiffs' Brief, pp. 16-19.) Even assuming this is true, these claims are insufficient to meet the injury requirement.

"[A]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). In *Laird,* complainant challenged the Army's data-gathering system, claiming it chilled First Amendment Rights. *Id.* at 11. However, the court found that the chilling effect arose simply from knowledge that a governmental agency was engaged in certain activities and a fear that

2

the agency might take some action in the future that could be detrimental to the complainants. *Id.* at 11. These personal beliefs and fears were simply insufficient to establish the injury element for standing purposes. *Id.* at 14.

Here, Plaintiffs have no pending unemployment claim they are electing not to pursue and offer nothing more than a generalized fear that if they ever wish to file for benefits in the future they will be subjected to a fraud finding. (Plaintiffs' Brief pp. 18-19.) Their personal beliefs and fears do not establish an injury.

Plaintiffs' reliance on *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576 (6th Cir. 2014) is misplaced. In *Gaylor,* the plaintiff, a handicapped individual, had visited defendant's property numerous times and had difficulty parking and accessing the stores. *Id.* at 578. When he demonstrated he was reasonably expected to return to the non-ADA compliant facility in a month, but was deterred due to its barriers, *Id.* at 578, the court found that plaintiff had sufficiently alleged he was personally affected and, thus, had established an injury in fact. *Id.* at 580.

Also, emotional damages are insufficient as an injury-in-fact for injunctive relief claims. *L.A. v. Lyons*, 461 U.S. 95, 107 (1983). "The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." *Id.* While emotional upset is a relevant consideration in an action for damages, *Id.*, Plaintiffs claim this lawsuit seeks nothing more than injunctive relief. (Plaintiffs Brief, p. 31.) Thus, emotional distress is insufficient to establish standing.

II. **Sugar Law cannot establish an illegal action by the Agency that caused it to increase its resources.**

Sugar Law has not made any allegation that it is required to accept every case that comes to its doorstep and its involvement in unemployment matters is discretionary and not mandatory. Plaintiffs cite to a series of Fair Housing Act racial steering cases to stand for the proposition that Sugar Law Center has standing. But, this reliance is misplaced.

Courts have held that an organization must show an inability to further its goal not simply a "setback to its abstract social interest." *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982). In *Greater*

4

*Cincinnati Coalition for the Homeless v. City of Cincinnati,* 56 F.3d 710 (6th Cir. 1995), the Coalition could not meet this requisite showing because it failed to demonstrate any increase in resources. *Id.* at 717. Contrarily, in *Hous. Opp. Made Equal, Inc. (HOME) v. Cincinnati Enquirer, Inc.*, 943 F.2d 644 (6th Cir. 1991), HOME sufficiently alleged an injury because it established that its primary purpose was directly affected by the discriminatory advertisement and it expended resources to investigate and negate the impact of the discriminatory advertisements. *Id.* at 646.

Here, Sugar Law offers nothing more than a generalized claim that one of its three staff members had to spend a majority of his time "to deal with the influx." (Plaintiffs' Brief, p 28.)

### III. Burford abstention is appropriate wherein Plaintiffs seek to have this Court restructure the Agency's fraud determination system.

Plaintiffs assert their federal claims are not focused on the resolution of state law. Yet, they ignore and fail to acknowledge that the MES Act, Mich. Comp. Laws § 421.1, *et seq.*, controls eligibility requirements, disqualification factors, and the fraud determination process. Plaintiffs ask this Court to alter the manner in which the

Agency makes fraud determinations notwithstanding the complex and long-standing legislative framework and safety net that provide multiple levels of administrative and judicial appellate processes available to all claimants.

The Supreme Court has noted that due process claims must take into consideration risk of an erroneous deprivation through the procedures used; the value, if any, of alternate procedures; and the Government's interest, including fiscal and administrative burdens that alternate procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, there is no evidence that the Agency computer process causes a risk of erroneous deprivation. In fact, the MES Act clearly provides due process including a full appellate process. Plaintiffs essentially argue that what is given is simply not enough to satisfy them. The MES Act legislative framework provides for expedited benefit payment with time to correct improper or fraudulently obtained benefits. Under the circumstances of this case, *Burford* abstention is appropriate.

## IV. There has been no Supreme Court holding that the Social Security Act provides for a private right of action.

Contrary to Plaintiffs' assertion, *California Dep't of Human Resources Dev. v. Java*, 402 U.S. 121 (1971) does not hold that claimants can bring suit under the "when due" provisions of section 303. In fact, in 2002, the Supreme Court in *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280-281 (2002) specifically noted that since 1981, they have only twice found spending legislation has given rise to enforceable rights. In *Wright v. Roanoke Redevelopment and Hous. Auth.*, 479 U.S. 418 (1987), and *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498 (1990), the Court allowed a private right of action in spending legislation strictly because the legislation "unambiguously conferred a mandatory [benefit] focusing on the individual family and its income" and "explicitly conferred specific monetary entitlements upon the plaintiffs." *Gonzaga* at 280. There is no provision in the Social Security Act providing for any monetary benefits or entitlements to Plaintiffs.

## V. Neither the Agency's practices nor the MES Act violate the Fifth or Eighth Amendment of the U. S. Constitution.

There is simply no constitutional violation. The Agency misrepresentation detection manual denotes that the Agency makes

7

determinations regarding benefits based upon "the best available information." (Plaintiffs' Exhibit 4, p. 5). The manual also provides that the lack of a claimant's response "does not automatically mean that there is intentional misrepresentation/fraud." *Id.* at 2. As a result, while applying for unemployment benefits is completely voluntary, a claimant must provide information to receive benefits, and it is in a claimant's best interest to refute information the Agency receives that demonstrates they have committed fraud; but failure to turn in a request for information regarding fraud does not automatically result in a fraud finding.

Regarding excessive fines, the MES Act clearly separates civil verses criminal damages. Mich. Comp. Laws § 421.54. The Supreme Court has noted that the analysis in a civil versus criminal penalty issue begins with the language in the statute. *Smith v. Doe,* 538 U.S. 84, 97 (2003). The court must look at whether the penalty has been previously regarded as a punishment, imposes an affirmative disability or restraint, promotes traditional aims of punishment, connected to a nonpunitive purpose; or is excessive. *Id.* The MES Act maintains separate and distinct provisions for criminal penalties. See Mich.

8

Comp. Laws § 421.54(a)(ii).  Section 54(a)(ii) specifically references criminal prosecution and provides for a three-times penalty of not less than $5,000.00, a fine, and either imprisonment or community services. Mich. Comp. Laws § 421.54(a)(ii)(A)-(C).  Plaintiffs do not point to a prior version of section 54 where any of the *Smith* elements are found.

Plaintiffs improperly cite to *Fields v. Henry County*, 701 F.3d 180 (6th Cir. 2012) for the proposition that the Sixth Circuit has assumed without deciding that the excessive fines clause of the United States Constitution applies to the states.  However, *Fields* involves a claim against a local government—not a state.

Plaintiffs also argue that the Agency does not follow "civil attachment" proceedings.  (Plaintiff's Response, p. 47.)  But, the Michigan Legislature has authorized the Agency to collect restitution and penalties.  Mich. Comp. Laws §§ 421.62, 421.15(m) and (n). Plaintiffs' reliance on *U. S. v. James Daniel Good Real Prop.,* 510 U.S. 43 (1993) is misplaced because the holding applies to real property and the Court acknowledges the exception for *ex parte* seizure when the government is collecting revenues or debts.  *Id*. At 59.

9

Thus, Plaintiffs' have failed to establish any constitutional violations.

**CONCLUSION AND RELIEF REQUESTED**

Defendants respectfully request that this Honorable Court enter an order dismissing Plaintiffs' Complaint as this Court lacks subject matter jurisdiction and Plaintiffs have failed to state a claim upon which relief can be granted.

    Respectfully submitted,

    Bill Schuette
    Attorney General

    */s/ Kimberly K. Pendrick*
    Kimberly K. Pendrick
    Peter T. Kotula (P41629)
    Shannon W. Husband (P60352)
    Assistant Attorneys General
    Attorneys for Defendants
    Labor Division
    3030 W. Grand Blvd., Ste. 9-600
    Detroit, Michigan  48202
    (313) 465-2200
    pendrickk@michigan.gov
    P60348

Dated:  September 2, 2015

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on September 4, 2015, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Kimberly Pendrick
Assistant Attorney General
Attorney for Defendants
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
pendrickk@michigan.gov
P60348