UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JENNIFER ZYNDA, et al.

      Plaintiffs,

v

STEVE ARWOOD, in his official
capacity as Acting Director of the
Michigan Department of Talent and
Economic Development, and
SHARON MOFFETT-MASSEY, in
her official capacity as Director of
the Unemployment Insurance
Agency.

      Defendants.

No. 2:15-cv-11449

HON. ROBERT H. CLELAND

**DEFENDANTS' REPLY TO
PLAINTIFFS' RESPONSE
TO SECOND MOTION TO
DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1)**

_____/

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO SECOND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Bill Schuette
Attorney General

Kimberly K. Pendrick (P60348)
Peter T. Kotula (P41629)
Shannon W. Husband (P60352)
Attorneys for Defendants
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
pendrickk@michigan.gov

Dated:  January 7, 2016

## TABLE OF CONTENTS

Index of Authorities...................................................................................ii

I.     Zynda's Amended Complaint involves allegations of
       computerized fraud findings that the Agency voluntarily
       discontinued. ...............................................................................1

II.    This case is moot because there is no actual case or
       controversy or injury likely to be redressed. ...................................3

       A.     There is no requirement that a party admit liability to
              render a matter moot. ..........................................................3

       B.     The UIPL provides assurance to the Court that the
              matter is moot and leaves Zynda with no relief....................6

Conclusion and Relief Requested............................................................8

Certificate of service (e-file) ...................................................................9

i

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.,*
   528 U.S. 167 (2000). ...............................................................5

*Knox v. SEIU, Local 1000,*
   132 S. Ct. 2277 (2012) ...................................................5, 6

*Sasnett v. Litscher,*
   197 F.3d 290 (7th Cir. 1999) .........................................3, 4, 6

*Walling v. Helmerich & Payne, Inc.,*
   323 U.S. 37 (1944) ............................................................5, 6

## BRIEF IN SUPPORT OF REPLY

**I.    Zynda's Amended Complaint involves allegations of computerized fraud findings that the Agency voluntarily discontinued.**

Zynda's Amended Complaint is based upon the Agency's use of a computer system (MiDAS) to detect fraud.  The Agency has voluntarily discontinued the use of MiDAS to determine fraud and implemented review (and determination) by Agency personnel.  (Dkt. No. 23-1.)  Yet when confronted with the Agency's second motion to dismiss, Zynda now claims that the use of Agency staff to review claims does not suffice to satisfy the relief requested because Agency staff may use "fraud finding decision trees" which they assert is akin to "robo-adjudications." (Zynda Response, Dkt. 25, pg. 11-12.)   However, Zynda does not allege that individualized review would violate due process, and it does not. In effect, Zynda attempts to re-work the complaint allegations to survive the Agency's mootness challenge.

Nevertheless, the crux of Zynda's Amended Complaint, including claims of self-incrimination and excessive fines, was that MiDAS made restitution/fraud determinations without affording individualized

review by Agency personnel.  Zynda criticizes the Agency for not

involving staff in the fraud determination process by alleging:

- Fraud determinations were made "without ever having a live person make the determination." (Dkt. No. 13, pg. 2 of 31, ¶ 2);

- "The determination is automated and made by a computer without the benefit of any investigatory review, or human input or evaluation . . . ." (Dkt. No. 13, pg. 20 of 31, ¶ 80);

- The fraud determinations violate self-incrimination by presuming fraud when claimants "do not return the computer-generated questionnaire—without a hearing, *without human review*, and without any factual basis to support a finding of fraudulent intent."  (Dkt. No. 13, pg. 23 of 31, ¶ 97)(emphasis added); and

- Excessive fines are "assessed by the computer system against *all* claimants accused of misrepresentation regardless of the facts or circumstances of the case." (Dkt. 13, pg. 23 of 31, ¶100.)

Further, Zynda's prayer for relief requests individual review of any

claimant file involving "robo-adjudicated" fraud.  (Dkt. No. 13, pg. 28 of

31, ¶¶ D and E.)

2

The Agency's discontinuance of MiDAS to determine fraud has

thus rendered Zynda's allegations moot.  Accordingly, the Court should

dismiss the Amended Complaint.[1]

## II.   This case is moot because there is no actual case or controversy or injury likely to be redressed.

### A.   There is no requirement that a party admit liability to render a matter moot.

Zynda alleges that the Agency must admit that MiDAS violated

due process in order for the Court to find mootness, citing *Sasnett v.*

*Litscher,* 197 F.3d 290 (7th Cir. 1999) as support.  But, Zynda's reliance

is misplaced.  In *Sasnett,* prisoners challenged a regulation that they

were not allowed to wear crosses.  *Sasnett,* 197 F.3d at 291-292.  After

the court ruled that the regulation violated the Religious Freedom

Restoration Act, the state prison issued a new regulation allowing

inmates to wear crosses.  *Id.*  However, even though the state prison

voluntarily changed its practice, it continued litigation by asking the

Supreme Court to review the district court's decision invalidating the

---

[1] To the extent the Court determines any allegations are not moot based upon the discontinuance of MiDAS to make fraud determinations, the Agency relies upon its original Motion to Dismiss for dismissal of the remaining claims.  (Dkt. No. 10.)

initial regulation.  *Id.*  On review, the Court raised concerns that the

state prison would reinstate the old regulation.  *Id.*  The Court looked at

the state prison's vigorous defense of the old regulation due to security

concerns and continued litigation.  *Id.*  The Court determined that these

actions suggest a high likelihood that the state prison would return to

the old regulation unless the court enjoined the regulation.  *Id.* at 291.

As a result, the Court concluded that an actual controversy still existed

despite the change to the regulation.  *Id.*

Contrary to Zynda's assertion, the *Sasnett* court did not hold that

an admission of liability was required.  It merely viewed the state

prison's defense of the regulation and continued pursuit of an appeal as

an indication that the prior regulation was likely to be resumed.  *Id.*

Unlike *Sasnett,* the court here has reasonable assurance that the

Agency will not resume use of MiDAS to make fraud determinations.  In

addition to the Agency's voluntarily discontinuance of the practice, the

Department of Labor Unemployment Insurance Program Letter (UIPL)

instructs all state agencies not to utilize the computer to make fraud

determinations.  (Dkt. No. 22; Ex. 1, Supplemental Authority.)  The

issuance of, and Agency's compliance with, the UIPL meets the test for

assuring that the "allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000).

Zynda also cites to *Knox v. SEIU, Local 1000,* 132 S. Ct. 2277 (2012) (the union's continued defense of the legality of political fees gave the court concern that the union would attempt to collect these fees in the future) and *Walling v. Helmerich & Payne, Inc.,* 323 U.S. 37 (1944) (challenge to a split-day wage plan where the Court felt the voluntarily discontinuance did not moot the issue where the employer was free to resume the plan). Both of these cases involve the Court's assessment of the potential resumption of the challenged activity. *Knox*, 132 S. Ct. at 2287 and *Walling*, 323 U.S. at 43. As with *Sasnett*, the *Knox* and *Walling* cases are devoid of any assurance to the Court that the conduct would not resume. While admissions of liability may be one factor in determining whether the challenged activity is likely to resume, it is not determinative.

**B.    The UIPL provides assurance to the Court that the matter is moot and leaves Zynda with no relief.**

Zynda urges this Court to read the Agency's assertions that the October 2015 UIPL is non-binding as an indication the Agency does not intend to comply with the directive.  This is simply meritless.  The Agency assertion was in response to Zynda's erroneous statement that the UIPL is a "binding interpretation of the relevant federal laws at issue in this case." (Dkt. No. 21; Supplemental Authority, pg. 2.)  There is nothing in the UIPL that criticizes the Agency for its use of a computer system to determine fraud.  The specific issue before this Court, if this matter survives summary disposition, is whether the Agency violated Zynda's state and federal constitutional rights—not whether the Agency has complied with a subsequently issued UIPL.

However, even though the UIPL is not binding federal law, the Agency has indicated in an affidavit that it will comply with its terms. (Dkt. No. 23-1.)  As noted by Ms. Burns, should the Agency not comply with the UIPL, it would lose federal funding.  *Id.*  As a result, Zynda's allegations concerning the use of the MiDAS system have been rendered moot.

6

Further, Zynda claims that despite the voluntary discontinuance
of MiDAS, there is additional relief the Court could provide.  However,
the relief requested is inappropriate for the following reasons:

- The request for declaratory relief is unavailable under
  the Declaratory Judgment Act.  See Motion to Dismiss,
  Dkt. No. 10, Argument VIII, pg. 61-63 of 64.

- Only prospective injunctive relief is recoverable against
  Defendants.  See Motion to Dismiss, Dkt. No. 10,
  Argument III, pgs. 36-38 of 64.

- Zynda's allegations that they are deterred from seeking
  future benefits is insufficient to establish an injury to
  obtain injunctive relief.  See Supplemental Brief, Dkt.
  No. 20, Argument I, pg. 2

## CONCLUSION AND RELIEF REQUESTED

The Agency respectfully request that this Honorable Court enter

an order dismissing Plaintiffs' Amended Complaint based on mootness.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Kimberly K. Pendrick*

Kimberly K. Pendrick (P60348)
Peter T. Kotula (P41629)
Shannon W. Husband (P60352)
Assistant Attorneys General
Attorneys for Defendants
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, Michigan  48202
(313) 465-2200
pendrickk@michigan.gov

Dated: January 7, 2016

8

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on January 7, 2016, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

/s/ Kimberly Pendrick
Assistant Attorney General
Attorney for Defendants
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
pendrickk@michigan.gov
P60348

9