**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JENNIFER ZYNDA, et al.,

    Plaintiffs,

v.                                          Case No. 15-11449

STEVE ARWOOD, et al.,

    Defendants.

                                      /

**ORDER TERMINATING DEFENDANTS' MOTION TO DISMISS WITHOUT
PREJUDICE AND TERMINATING PLAINTIFFS' MOTION TO SUBMIT
SUPPLEMENTAL EXHIBITS AS MOOT**

      Pending before the court is Defendants' second Motion to Dismiss based on their argument that Plaintiffs' claims have been mooted by the discontinuation of the Michigan Integrated Data Automated System ("MiDAS"). (Dkt. # 23.) During the pendency of this Motion, on March 29, 2016, the court issued its Opinion and Order, (Dkt. # 27), resolving Defendants' first Motion to Dismiss, (Dkt. # 10). That Opinion addressed and clarified a number of important issues in this case. Since then, Plaintiffs have filed an Ex Parte Motion to Submit Supplemental Exhibits, (Dkt. # 30), which in large part appears to be related to some of the issues the court addressed in its March 29, 2016 Opinion and Order. Because many of the claims and issues addressed in that Opinion have an impact on the mootness argument Defendants advance in their second Motion to Dismiss, the court will deny that Motion without prejudice, and allow Defendants, if they still seek to argue that the case is entirely moot,[1] to recalibrate their

---

      [1] Defendants should proceed thoughtfully, mindful of significant hurdles in arguing that this case is moot. The court does not impose a limit on what motions

arguments to account for what is now law of the case. Relatedly, Plaintiffs' Motion seeking to supplement their response to the Motion to Dismiss is now moot.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' second Motion to Dismiss (Dkt. # 23) is TERMINATED WITHOUT PREJUDICE. Defendants' will have until June 1, 2016 to refile a motion to dismiss based on mootness.

IT IS FURTHER ORDERED that Plaintiffs' Ex Parte Motion to Submit Supplemental Exhibits (Dkt. # 30) it TERMINATED AS MOOT.

_____
 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 12, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

Defendants may properly raise, but hopes at least to focus whatever further briefing may emerge should another mootness motion be filed. First, while many of Plaintiffs' concerns may be ameliorated by discontinuing use of MiDAS, the claims here appear to relate to systemic concerns.  Aside from the MiDAS mechanism, the First Amended Complaint also attacks the use of self-incriminating fraud questionnaires and the allegedly threadbare fraud determination notices, which Plaintiffs claim provide insufficient information about the factual basis for the fraud determination to allow claimants a meaningful opportunity to respond. (See Dkt. # 13, Pg. ID 151-53.) Even assuming that Defendants' use of MiDAS has permanently ceased, a reasonable reading of the complaint related to fraud determinations and notices reveals claims of continuing, but non-MiDAS, defects.