# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JENNIFER ZYNDA, et al.

    Plaintiffs,

v.                                          Case No. 15-11449

STEVE ARWOOD, et al.

    Defendants.

                                       /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING DEFENDANTS' MOTION TO AMEND ANSWER**

Plaintiffs, who are various individual unemployment-benefit claimants along with an association and a union (Sugar Law Center, and the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America), filed suit alleging various Constitutional and statutory violations arising from Michigan's administration of its unemployment benefits program. (Dkt. #1, Pg. ID 2.) Before the court is Defendants' Motion to File an Amended Answer to Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 15 (Dkt. # 32), and Defendants' Motion For Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. # 33). Plaintiffs have filed a response to the latter motion (Dkt. #35), but have not filed any response as to the Motion to Amend. Defendants have filed their reply. (Dkt. # 36.) The matters have been briefed and the court concludes a hearing on the motions is unnecessary. *See* E.D. LR7.1(f)(2). For the reasons stated below, the court will deny Defendants' Motion for Partial Dismissal and grant Defendants' Motion to Amend.

## I. BACKGROUND

The underlying facts of the instant case are explained in detail in this court's prior Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Dkt. #27), familiarity with which is presumed. At the time the court issued that opinion, Defendants had also filed a separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. #23.) Following the opinion resolving the earlier motion to dismiss, the court terminated, without prejudice, Defendants' latter-filed motion as moot, and indicated that Defendants would remain free to re-file the motion in light of the court's order, which had become law of the case. (Dkt. #31.) The instant motion to dismiss is an almost verbatim reiteration of the arguments offered in the motion that the court terminated, but it adds a section expressing confusion over the language in the court's opinion regarding the availability of prospective relief. (Dkt. #33.)

Defendants argue that Plaintiffs' claims related to computer determinations of fraud should be dismissed as moot because: 1) Defendants voluntarily ceased using the MiDAS system that Plaintiffs allege was responsible for making the faulty fraud determinations at issue in this case; and 2) The United States Department of Labor issued an Unemployment Insurance Program Letter (UIPL) instructing states that they could no longer use computers to make fraud determinations.

Defendants also request leave to amend their answer. (Dkt. #32.) Defendants first filed their answer to the amended complaint on April 12, 2016 (Dkt. # 28), and they filed this motion to amend their answer just over one month later (Dkt. # 32).

## II. STANDARD
### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal for "lack of jurisdiction over the subject matter." When a defendant challenges subject matter jurisdiction pursuant to this Rule, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Mich. S. R. R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). However, "the heavy burden of demonstrating mootness rests on the party claiming mootness." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001). "[A] case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (quotations omitted).

### B. Federal Rule of Civil Procedure 15(a)

Leave to amend is "freely given when justice so requires." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Denial may be appropriate, however, where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION
### A. Motion to Dismiss
### 1. Defendant's Voluntary Cessation

Defendants argue that Plaintiffs' claims regarding computerized fraud determinations are moot because Defendants have implemented human review and

3

voluntarily ceased use of the MiDAS system that Plaintiffs allege was responsible for due process violations. (Dkt. # 33.) However, "[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. Service Employees Intern. Union, Local 1000*, 132 S.Ct. 2277, 2287 (2012) (citation omitted). In *Knox*, the Court stated that an offer of full refunds to Plaintiffs did not moot the case because the defendant "continued to defend the legality of the [fee, so] it is not clear why the [defendant] would necessarily refrain from collecting similar fees in the future." *Id.* The same reasoning applies to the instant case.

Defendants do not explain in detail how fraud determinations are currently made, nor do they explain how any improvements will affect Plaintiffs' due process concerns going forward. It strains credulity to assert that Defendants will *never again* use computer systems similar to MiDAS to make fraud determinations, even if use of the specific MiDAS system has been discontinued and staff determinations have been implemented as Defendants suggest. The implementation of staff determinations is evidently no great deviation from the earlier procedure, as Defendants admit that "[p]reviously, the Agency used MiDAS, *in addition to staff*, to issue Agency determinations and redeterminations involving fraud." (Dkt. #33-1 (emphasis added).) Defendants have given the court no basis to conclude that their current or future methods for determining fraud are any more likely to comport with due process than the procedures that the Defendants have discontinued. For example, Defendants do not indicate whether they are using some system similar to MiDAS to assist in the staff determinations, whether staff are actively involved in assessing the facts suggesting the

4

presence of fraud, or if the staff are simply responsible for the "issuance" of the determinations in a way such that a person may rubber-stamp the findings of a computer system substantially similar to MiDAS. (*See generally* Dkt. #33-1.) Therefore, the court cannot conclude on this basis that "subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *See Cleveland Branch NAACP*, 263 F.3d at 531. However, even if the court were armed with these facts, it could not rule out the possibility that Defendants might resume the allegedly unconstitutional conduct. Thus, Defendants' voluntary cessation, even if entirely correct and fully disclosed herein, does not render Plaintiffs' claims moot.

### 2. United States Department of Labor's UIPL

Defendants also claim that Plaintiffs' claims are moot because the United States Department of Labor issued a UIPL directing state agencies not to use computerized systems in making fraud determinations. (Dkt. #33.) However, the facts and law cited by Defendants do not support a finding of mootness. Defendants cite to *Ammex Inc. v. Cox*, but the court in that case actually *reversed* the lower court's finding of mootness because the Attorney General's withdrawal of a notice of intended action did "not make it absolutely clear that the enforcement action is not reasonably likely to recur." 351 F.3d 697, 705 (6th Cir. 2003). Another case cited by Defendants, *Mosley v. Hairston*, is easily distinguishable. 920 F.2d 409, 414 (6th Cir. 1990). In *Mosley*, Congress had passed the Family Support Act under which state regulations were promulgated and federal regulations were proposed which effectively granted plaintiff the relief that she sought. *Id.*

Defendants do not point to any act of Congress or agency rulemaking with respect to the facts of this case but instead say only that the state of Michigan has ceased use of MiDAS for the time being and that the Department of Labor had issued a UIPL directing them not to continue use of computer systems to make fraud determinations. (Dkt. #33.) Defendants insist that they "will comply with its terms," but also admit that "the UIPL is not binding federal law." *Id.* Moreover, the UIPL upon which Defendants rely does not actually prohibit the use of computers in making fraud determinations but instead merely requires that the agency have "'independently verified the information' obtained from the computer match" before granting notice and an opportunity to respond. U.S. Dep't of Labor, Unemployment Insurance Program Letter No. 1-16, Federal Requirements to Protect Individual Rights in State Unemployment Compensation Overpayment Prevention and Recovery Procedures (Oct. 1, 2015).

The UIPL does not guarantee that Plaintiffs will receive the relief that they seek. The Department of Labor may change its policy at a later date. Indeed, the affidavit filed in support of Defendants' motion contemplates this very possibility by stating that "[u]ntil such time as the US DOL rescinds or amends [the UIPL] ... the Agency cannot use MiDAS ..." (Dkt. #33-1.) Another possibility is that the Defendants will disagree with and refuse to abide by UIPL entirely at the risk of reduced federal funding; again the affidavit contemplates this when it states that "[i]f the Agency fails to comply with the requirements set forth in [the UIPL] ... the Agency's federal funding could be impacted." *Id.* Thus, the UIPL, lacking the force of law that the statutes and regulations had in

*Mosley,* does not "make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur[.]" *See Cleveland Branch NAACP*, 263 F.3d at 531.

### 3. Prospective and Retrospective Relief

Finally, Defendants' arguments as to retrospective relief were addressed in the court's opinion and order. (Dkt. #27.) The opinion made a distinction between prospective injunctive relief, which is available under *Ex Parte Young*, 209 U.S. 123, 159-160 (1908), and retrospective relief, which is barred by the Eleventh Amendment. (Dkt. #27.) It explained that to the extent that Plaintiffs requested that the court "'[o]rder defendants to return any state or federal tax returns or wages garnished or intercepted' by the state" their claims were barred by the Eleventh Amendment. *Id.* It also cautioned that relief requiring "Defendants to reopen a case and compensate a Plaintiff for previously unpaid benefits" would be similarly prohibited. *Id.* The opinion contrasted these retrospective forms of relief with the prospective injunctive relief implicated in Plaintiffs' request for "reinstatement of [Plaintiffs'] current and continuing eligibility for unemployment benefits[,]" which were determined to be permissible under the binding precedent of *Carten v. Kent State University*, 282 F.3d 391, 396 (6th Cir. 2002). (Dkt. #27.) Finally it explained that "declaratory and injunctive requests as are truly prospective" would include "an order that Defendants establish and maintain procedures for detecting and acting upon incidents of fraud that meet Constitutional standards." *Id.*

Defendants' arguments regarding the termination of the MiDAS program in no way address Plaintiffs' request for reinstatement of current and continuing eligibility for unemployment benefits. Defendants' change of policy cannot be said to "have completely and irrevocably eradicated the effects of the alleged violation," *see*

*Cleveland Branch NAACP*, 263 F.3d at 531, because Plaintiffs allege that they still feel the effects of their current and future ineligibility. On the other hand, Defendants' change of policy arguably confronts the request that they establish and maintain procedures that meet Constitutional standards. However, for the reasons discussed above, Defendants have not shown that the current practices are constitutional and that Defendants will not revert to previous practices and thus have not successfully carried the "heavy burden of demonstrating mootness[,]" *see Cleveland Branch NAACP*, 263 F.3d at 531. That these specific forms of relief are truly prospective was determined in a prior opinion citing to controlling Sixth Circuit precedent and is now law of the case. (*See* Dkt. #27.) The court will not revisit that determination here.

## B. Motion for Leave to Amend Answer

Plaintiffs have filed no opposition to Defendants' motion for leave to amend their answer. Defendants' proposed amendments do not add any new affirmative defenses but will provide additional detail as to the Defendants' view of factual allegations included on the face of the amended complaint. (Dkt. #32-1.) This is the first time that Defendants have moved to amend, and Defendants did so quickly. Therefore, nothing suggests "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court grants Defendants leave to amend their answer.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (Dkt. # 33) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion For Leave to Amend Answer (Dkt. #32) is GRANTED.  Defendants shall file their amended answer within 7 days of the issuance of this opinion.

       s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 2, 2016, by electronic and/or ordinary mail.

       s/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522